RAFAEL M. GONZALEZ, JR.
ACTING UNITED STATES ATTORNEY
BRYAN WHEAT, IDAHO STATE BAR NO. 9091
SPECIAL ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
801 E. SHERMAN AVE SUITE 192
POCATELLO, ID 83201
TELEPHONE: (208) 478-4166
FACSIMILE: (208) 478-4175

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>NICHOLAS LEVI OLSEN,<br>CHANEL LYNN BISTODEAU,<br><br>Defendants. | Case No. **CR 17-100-E-BLW**<br><br>**INDICTMENT**<br><br>18 U.S.C. § 2<br>21 U.S.C. § 841(a)(1)<br>21 U.S.C. § 853 |

The Grand Jury charges:

### COUNT 1

**Possession with Intent to Distribute a Controlled Substance**
**21 U.S.C. § 841(a)(1) and (b)(1)(A); 18 U.S.C. § 2**

On or about March 11, 2017, in the District of Idaho, the defendants, NICHOLAS LEVI OLSEN and CHANEL LYNN BISTODEAU, did knowingly and intentionally possess with intent to distribute fifty (50) grams or more of actual methamphetamine, a Schedule II controlled substance, and aided and abetted the same, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A); and Title 18, United States Code, Section 2.

**INDICTMENT** - 1

## CRIMINAL FORFEITURE ALLEGATION

### Drug Forfeiture
### 21 U.S.C. § 853

As a result of the violations of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A) as charged in this Indictment, the defendants, NICHOLAS LEVI OLSEN AND CHANEL LYNN BISTODEAU, shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853(a)(1) and (2), any and all property, real and personal, tangible and intangible, consisting of or derived from any proceeds the defendant obtained directly or indirectly as a result of the foregoing drug offenses; and any and all property, real and personal, tangible and intangible, used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the foregoing offenses; these interests include, but are not limited to, the following properties:

**Cash Proceeds**: All interest and proceeds consisting of or traceable to proceeds of the charged offenses which were subsequently expended, spent, distributed or otherwise disposed of by the defendant.

**Seized Currency:** The sum of approximately seven hundred ninety dollars ($790), seized from the possession of NICHOLAS LEVI OLSEN.

### Substitute Assets as to All Forfeiture Allegations:

If any of the properties and interests described above as being subject to forfeiture, as a result of any action or omission of the defendant above named:

1. cannot be located upon the exercise of due diligence;
2. has been transferred or sold to, or deposited with, a third person;
3. has been placed beyond the jurisdiction of the court;

INDICTMENT - 2

    4.    has been substantially diminished in value; or

    5.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated at 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the said defendant up to the value of the forfeitable properties and interests described above.

Dated this 25TH day of April, 2017.

A TRUE BILL

/s/ [signature on reverse]
_____
FOREPERSON


RAFAEL M. GONZALEZ, JR.
ACTING UNITED STATES ATTORNEY
By:
_____
BRYAN WHEAT
SPECIAL ASSISTANT UNITED STATES ATTORNEY

INDICTMENT - 3