UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHANEL LYNN BISTODEAU,<br><br>Defendant. | Case No. 4:17-cr-00100-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is pro se Defendant Chanel Bistodeau's request for credit for time served.[1] (Dkt. 107). The Court will deny Ms. Bistodeau's motion for the reasons stated below.

# BACKGROUND

In December of 2017, Ms. Bistodeau pled guilty to Possession with Intent to

---

[1] Ms. Bistodeau's letter specifically asks for "help to get credit for the time period (over one year) that I served in Bannock County Jail on pre-sentence for my current case." *Motion*, Dkt. 107. Among the attachments to the letter, Ms. Bistodeau included her compassionate release request to the warden. Because the letter itself discusses only credit for time served, the Court has not construed Ms. Bistodeau's request as a motion for compassionate release. If she believes that there are "extraordinary and compelling reasons" that warrant a reduction in her sentence, Ms. Bistodeau may bring a motion in this court to modify her term of imprisonment under 18 U.S.C. § 3582(c)(1)(A)(i).

**MEMORANDUM DECISION AND ORDER - 1**

Distribute Methamphetamine. *Minute Entry*, Dkt. 36. In March 2018, the Court sentenced Ms. Bistodeau to 84 months incarceration. *Vacated Judgment,* Dkt. 56. In April 2021, the Court granted Ms. Bistodeau's motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255. *Order*, Dkt. 96. The Court held that Ms. Bistodeau had not received effective assistance of counsel, because her attorney had not requested that her federal sentence run concurrent to her state sentence. *Id.* at 13. Accordingly, the Court vacated the judgment and conducted a new sentencing hearing. At the re-sentencing in July 2021, the Court again imposed a sentence of 84 months to run concurrently with Ms. Bistodeau's term of imprisonment pursuant to the judgment in Bingham County, Idaho, Docket Number CR-2016-6286. *Amended Judgment*, Dkt. 102. The Court also provided a recommendation to the Bureau of Prisons that "the defendant be given credit for all time served." *Id.*

In the current motion, Ms. Bistodeau says that BOP has not given her credit for year that she spent in Bannock County Jail, pending disposition of her case before this Court. *Motion,* Dkt. 107. Ms. Bistodeau asks the Court to clarify for BOP that her year of presentence incarceration should count as time served toward her 84-month prison term.

**MEMORANDUM DECISION AND ORDER - 2**

# ANALYSIS

The Court's amended judgment did not explicitly *credit* Ms. Bistodeau with time served. Rather, the judgment *recommended* that BOP give Ms. Bistodeau credit for time served. This kind of recommendation is the Court's standard procedure because "[c]redit for time served is ... a matter which generally falls within the province of the Bureau of Prisons under 18 U.S.C. § 3585(b)." *U.S. v. Drake*, 49 F.3d 1438, 1440 (9th Cir.1995).

The Court cannot address Ms. Bistodeau's broader question—whether or not BOP is following that recommendation—because she has filed this petition in the wrong court. Ms. Bistodeau claims that she is entitled to credit for time served, which goes to the execution of her sentence rather than the sentence itself. *U.S. v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984). Accordingly, she must petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Id.* Any motion under § 2241 must be filed in a court with jurisdiction over the custodian or warden of Ms. Bistodeau's facility. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 495 (1973); see also *Brown v. U.S.*, 610 F.2d 672, 677 (9th Cir.1980). Although Ms. Bistodeau was sentenced in the District of Idaho, she must file her action in the Central District of California, which has jurisdiction over the custodian of FCI Victorville Medium II.

MEMORANDUM DECISION AND ORDER - 3

For these reasons, the Court will deny Ms. Bistodeau's motion. Nothing in this order precludes Ms. Bistodeau from filing a motion under 28 U.S.C. § 2241 in the proper court. However, she should bear in mind, that the District Court in this, and any other District, generally lacks the authority to require the Bureau of Prisons to give an inmate credit for time served.

## ORDER

**IT IS ORDERED that:**

1. Defendant's Motion to Clarify Sentence (Dkt. 107) is **DENIED**.

DATED: January 24, 2022

B. Lynn Winmill
U.S. District Court Judge