UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHANEL LYNN BISTODEAU,<br><br>Defendant. | Case No. 4:17-cr-00100-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

On December 12, 2017, Ms. Bistodeau pled guilty to Count One of the Indictment charging her with Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Dkt. 36. The Court sentenced her to 84 months imprisonment. Dkt. 56; Dkt. 102. She now moves for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 112. The Government opposes the motion. Dkt. 115. For the reasons discussed below, the Court will deny Ms. Bistodeau's motion.

## LEGAL STANDARD

"A judgment of conviction that includes a sentence of imprisonment

**MEMORANDUM DECISION AND ORDER - 1**

constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)) (cleaned up). Congress provided one such exception in 18 U.S.C. § 3582(c)(1)(A)(i).

Section 3582(c)(1)(A)(i) provides that a district court may modify a final sentence in some situations. Before appealing to the court, the defendant must exhaust her administrative remedies. *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021). The court must then make three findings: (1) a reduced sentence is consistent with applicable Sentencing Commission policy statements; (2) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) favor relief; and (3) "extraordinary and compelling reasons" warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). If any one of the three factors is not met, the court may deny relief. *Keller*, 2 F.4th at 1284. The defendant bears the burden of establishing these requirements by a preponderance. *See, e.g.*, *United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998); *Walton v. Arizona*, 497 U.S. 639, 650 (1990) (holding that a defendant's due process rights "are not violated by placing on him the burden of proving mitigating circumstances sufficiently substantial to call for leniency"), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584, 609 (2002).

**MEMORANDUM DECISION AND ORDER - 2**

## DISCUSSION

The Court will only grant Ms. Bistodeau's Motion for a Sentence Reduction if (1) she has exhausted her administrative remedies; (2) a reduction is consistent with applicable § 3553(a) factors; and (3) extraordinary and compelling reasons warrant a reduction. The parties agree that Ms. Bistodeau exhausted her administrative remedies. *Mot. Reduce Sentence* at 3, Dkt. 112; *Resp. Opp'n Mot. Reduce Sentence* at 4, Dkt. 115. Accordingly, the Court will consider whether any of the four reasons that Ms. Bistodeau gives in support of her motion are extraordinary and compelling.

### A.   Health and Family

Ms. Bistodeau's first reason is her family. She explains in her motion, "My father is the main caretaker of my minor son, but has recently been diagnosed with Leukemia LOS. I am worried about his health and subsequently, his ability to take care of both himself and my son while struggling with this diagnosis. I'd like to be able to be home taking care of both my father and son." Dkt. 112 at 5. Her second and third reasons concern her health. She explains, "I suffered an abdominal tear (approx. 03/2020) which has been painful and difficult to live with and has gone untreated by medical. Medical has been unwilling to do anything about this despite numerous attempts for help. Further, I suffer from seizures, which has been

difficult to deal with, especially during our constant lockdowns." *Id.* at 5, 8. The Court sympathizes with Ms. Bistodeau's troubles. Unfortunately, the reasons that she cites are not extraordinary and compelling.

The Sentencing Commission policy statements are informative in determining whether medical conditions and family circumstances are extraordinary and compelling. The Sentencing Commission issued policy statements that set out the standard for extraordinary and compelling reasons when the BOP brought § 3582(c)(1)(A) motions. *See* U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2018). In the Ninth Circuit, these policy statements "may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

According to the Sentencing Commission, extraordinary and compelling family circumstances encompass "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children." *Id.* at cmt. 1(C). Ms. Bistodeau does not show that her situation meets this criteria. She expresses understandable concern about her father's diagnosis and a desire to help her family through a difficult situation. But she has neither argued nor shown evidence that her father is incapacitated or that he is the only available caretaker for her child.

MEMORANDUM DECISION AND ORDER - 4

The Sentencing Commission also explains that extraordinary and compelling medical conditions include "a serious and advanced illness with an end of life trajectory" or "a serious physical or medical condition" from which the defendant "is not expected to recover" and "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." U.S. Sent'g Guidelines Manual § 1B1.13 cmt. 1(A) (U.S. Sent'g Comm'n 2018). Ms. Bistodeau's medical problems are undoubtably serious, but they do not meet either criterion.

Although the Court is not bound by these policy statements, § 1B1.13 is instructive because when Congress changed the law to allow inmates to bring their own motions under § 3582(c)(1)(A), it "did not change the standard" for extraordinary and compelling. *United States v. Ebbers*, 432 F. Supp. 3d 421, 427 (S.D.N.Y. 2020). The Court applies the same standard to all motions brought under § 3582(c)(1)(A), regardless of the movant. *See United States v. Rivernider*, No. 3:10-cr-222(RNC), 2020 WL 597393, at *2 (D. Conn. Feb. 7, 2020) ("In eliminating the requirement of a BOP motion, Congress did not modify the substantive standard governing eligibility for compassionate release."); *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019) ("Aside from allowing prisoners to bring a motion directly, the First Step Act did not change the standards

**MEMORANDUM DECISION AND ORDER - 5**

for compassionate release."). The Court gives some deference to these policy statements and, in particular, to the Commission's expertise in assessing inmates' medical conditions and family circumstances. Thus, the Court finds that Ms. Bistodeau has not offered extraordinary and compelling reasons on the health and family front.

B. COVID-19

Ms. Bistodeau's fourth and final reason for seeking relief under § 3582(c)(1)(A)(i) is COVID-19. She explains, "I've already caught COVID-19 twice while incarcerated. I'm concerned about being continuously infected with this virus as the BOP seems to have difficult protecting us against the virus, and the long lasting neurological side effects worry me, especially because of my history with seizures." Dkt. 112 at 8.

The Court sympathizes with incarcerated people, who have faced particular difficulties during the COVID-19 pandemic. But the pandemic itself is not an extraordinary and compelling reason. Ms. Bistodeau is fully vaccinated against COVID-19 and has recovered from the disease twice. Her medical records do not establish that she presents a medical condition, which, according to CDC guidance, places her at enhanced risk due to the current pandemic. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-

MEMORANDUM DECISION AND ORDER - 6

medical-conditions.html. She does not show that COVID-19 presents any kind of particularly serious risk in her case.

Without an extraordinary and compelling reason to grant release, the Court must deny Ms. Bistodeau's motion. Moreover, the § 3553(a) factors also do not warrant a reduction of Ms. Bistodeau's sentence. Of particular import, the nature and circumstances of her offense are serious and support the sentence imposed in this case.

## ORDER

**IT IS ORDERED that:**

1. Defendant's Motion to Reduce Sentence (Dkt. 112) is **DENIED**.

DATED: October 11, 2022

B. Lynn Winmill
U.S. District Court Judge